26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Noe AYALA; Manuel Cantuba; Iraj Daftarian; Josefina Dela
Cruz; Domingo Guilberto; Myrna Flameno; Lourdes
Habenicht; Sam Okechukwu Ijomanta; Jocelyn Joaquin; Kuo
Lin Lee; Su Chen Lee; Arcadio San Diego; Teofilo Reyes
Zosa; Rudolpho Quiloan, Plaintiffs-Appellants,
v.
Donald B. LOONEY, Acting District Director of the
Immigration and Naturalization Service Los Angeles District
Office, Immigration and Naturalization Service; Immigration
& Naturalization Service, U.S. Department of Justice,
Defendants-Appellees.
 No. 92-56447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided June 1, 1994.
 
 Before: BRIGHT,* WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts so we need not restate them here.
 
 DISCUSSION
 
 3
 A. Independent Review of Each Claim for Substantial Justification
 
 
 4
 The district court has discretion to determine the amount of a fee award under the EAJA, 28 U.S.C. Sec. 2412(d)(1)(A), which is "appropriate in view of the district court's superior understanding of the litigation...." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this case, the district court determined that the INS's litigating position was substantially justified with respect to three of fourteen of the petitioners, and as a result, it reduced the fee award. The petitioners argue the district court abused its discretion in evaluating each petitioner's claim independently to determine if the INS was substantially justified in its delay in processing that claim.
 
 
 5
 In Grason Elec. Co. v. NLRB, 951 F.2d 1100, 1105-06 (9th Cir.1991), we held that, in determining eligibility under the EAJA, the focus in a multiple plaintiff case was on eligibility of each party responsible for paying the plaintiffs' attorneys fees. Since the fee arrangement was not clear, the case was remanded to the Board to determine who was responsible for the fees. Id. at 1106. Our goal in Grason was to formulate a fee award in which no petitioner entitled to a fee award was denied actual costs while a petitioner not entitled to a fee award received a windfall. Id.
 
 
 6
 At oral argument in this case, counsel for petitioners informed us that he does not bill the aliens but relies exclusively on an EAJA award for fee payment. Consequently, because each alien is not responsible for payment of that portion of fees attributable to the litigation of his independent claim, none of the petitioners will be denied recovery of actual costs. Nor will any petitioner receive a windfall as a result of the district court's independent evaluation of each claim for substantial justification. Thus, we hold that the district court did not abuse its discretion in evaluating each petitioner's claim independently to determine if the INS was substantially justified in its delay.
 
 
 7
 The case of INS v. Jean, 496 U.S. 154 (1990), relied on by petitioners, does not compel a different result. There the question was whether the substantial justification decision required the district court to look at various positions taken by the Government in the different stages of the litigation. The Court held "[t]he single finding that the Government's position lacks substantial justification ... operates as a one-time threshold for fee eligibility." Id. at 160. However, this holding was made with regard to the "numerous phases" of the litigation. Id. at 161-62. It was not made with respect to multiple parties to the litigation.
 
 B. Amount of Fee Award
 
 8
 To reflect that the INS's litigating position was substantially justified with respect to three of the fourteen petitioners, the district court reduced the fee award by 25 percent. However, the correct reduction should have been 21.4 percent (3 / 14). Consequently, the district court's fee calculation of $25,147.08 (303 hours X $110.66 per hour X .75) should have been $26,354.56 (303 hours X $110.66 per hour X .786). The INS concedes that an error was made. We are authorized, in deciding an appeal, to modify the judgment brought before us. See 28 U.S.C. Sec. 2106. In order to terminate this case without the expenditure of further resources, of either the parties or the district court, we hereby modify the district court's order dated September 2, 1992, filed on September 3, 1992, to provide attorneys fees of $26,354.56 for the petitioners. In all other respects, the order is affirmed.
 
 
 9
 MODIFIED, and as modified, AFFIRMED. No costs or attorneys fees allowed.
 
 
 
 *
 Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3